THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GARY R. B. (ANONYMOUS), Appellant.—

Hopkins, Acting P. J., Munder, Martuscello, Brennan and Benjamin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. AMERICA MENDEZ, Appellant.—

No opinion. Christ, P. J., Rabin and Munder, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and the orders, grant the motion to suppress and remand the case to the trial court, with the following memorandum: A search warrant was issued on the basis of an affidavit by one Lottie Walker. The People concede that the police learned of Walker's existence and identity through a wiretap which we have previously held invalid (People v. Mendez, 28 A D 2d 727; 31 A D 2d 832) and that without the wiretap they would not have learned of her existence. The issue on this appeal is whether the illegal wiretap fatally tainted a statement and the subsequent affidavit given by Walker. In my opinion it did. The evidence at the suppression hearing clearly established that it was through the wiretap that the police learned that defendant was going to Walker's home to abort her; and that they then followed defendant to Walker's home and thus learned where she lived. A policewoman testified that after defendant had aborted Walker and had left her home the police " told her [Walker] that we had reason to believe that she in fact had been aborted; that a woman [defendant] had been followed to her house at which time we believed that abortion to have taken place at that time, period. As a result she gave us her statement confirming this " [bracketed matter supplied]. In view of this evidence it seems plain to me that Walker's statement and affidavit were obtained by direct " exploitation" of the illegal wiretap (Wong Sun v. United States, 371 U. S. 471, 488); that " the illegally obtained information * * * [was used] in procuring" Walker's statement and affidavit, which would not otherwise have been obtainable through independent investigation (cf. People v. Dannic, 30 A D 2d 679, 680); and that Walker's statement and affidavit were not given willingly and voluntarily, but on the contrary were coerced by use of the information obtained from the illegal wiretap. Hence, they were fruits of the poisoned tree; their use should have been barred; absent that affidavit the search warrant should have been held invalid; and absent that search warrant the search should be held invalid, the evidence suppressed, the judgment and orders reversed, and the case remanded to the trial court for further proceedings not inconsistent herewith. (Beldock, P. J., deceased.)